IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTONIO WEAVER                                                              PLAINTIFF

v.                          NO. 4:17-cv-00453 JM/PSH

FLAGSTAR BANK, ALLESANDRO P. NELLA,                                       DEFENDANTS
MARK T. HAMMOND, and WILSON AND ASSOCIATES

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Plaintiff Antonio Weaver ("Weaver") began the case at bar on July 14, 2017, by filing a pro se complaint and joining Flagstar Bank, Allesandro P. Di Nella ("Di Nella"), Mark T. Hammond ("Hammond"), and Wilson & Associates ("Wilson").[1] Flagstar Bank filed an answer to the complaint, then filed a motion for summary judgment. The record does not contain a proof of service for Di Nella, Hammond, or Wilson, and the record reflects that they never filed an answer or otherwise responded to Weaver's complaint.[2]

The undersigned recommended that Flagstar Bank's motion for summary judgment be granted. United States District Judge James M. Moody, Jr., adopted the recommendation and dismissed Flagstar Bank. See Docket Entry 35.

On September 13, 2018, the undersigned gave Weaver up to, and including, October 3, 2018, to show cause why his complaint as to Di Nella, Hammond, and Wilson should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).[3] See Docket Entry 34. October 3, 2018, has now come and gone, and Weaver has offered nothing. There is no indication that Di Nella, Hammond, or Wilson were ever served with a summons and copy of the complaint, and Weaver has failed to show cause why his complaint as to those defendants should not be dismissed pursuant to Rule 4(m).

---

[1] Two preliminary points are in order. First, Weaver subsequently retained counsel in this case. See Docket Entry 25. Second, Di Nella has also been identified as "Alessandro P. Nella" and "Alessandro P. Dinello."

[2] It appears, though, that an attorney for Wilson participated in the Rule 26(f) conference. See Docket Entry 18.

[3] Rule 4(m) provides, in part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

A federal court is vested with the inherent power to police its docket. As a part of that power, the court may dismiss a case when a party fails to monitor the progress of the case or fails to prosecute it in a timely and diligent manner.

The undersigned has weighed the competing interests. On the basis of Rule 4(m) and the inherent policing power vested in the federal courts, the undersigned recommends that Weaver's complaint be dismissed without prejudice as to Di Nella, Hammond, and Wilson. Judgment should be entered as to defendants Flagstar Bank, Di Nella, Hammond, and Wilson.

DATED this 9th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE